UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS PIGGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 21-cv-1328-MMM |
| | ) | |
| . McMILLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files suit pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that officers at the Federal Correctional Institution in Pekin, Illinois (FCI-Pekin) retaliated against him and engaged in a conspiracy to retaliate in violation of the First Amendment. Plaintiff also pleads that one of the Defendants destroyed his personal property and that he was subjected to harsh conditions while in administrative segregation.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

## MATERIAL FACTS

As noted, Plaintiff has filed an action under *Bivens* which "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *Smadi v. True*, No. 18-02149, 2021 WL 2853262, at *3 (S.D. Ill. July 8, 2021), citing *King v. Fed'l Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005), but noting "*Bivens* and Section 1983 are certainly not the same."

Plaintiff alleges that on an undisclosed date, he filed a grievance against Defendant McMillin. Plaintiff asserts that in response to this grievance writing, Defendant McMillin and the five other Defendants retaliated against him and conspired to retaliate against him on dates in February, April, May, and August 2021. Plaintiff's allegations of retaliation and conspiracy, save those against Defendant McMillin, are unduly vague. As to Defendant McMillin, Plaintiff alleges that Defendant attempted to induce inmate Chase Nickoboine to falsely accuse Plaintiff of offering to sell him "K2."[1] Mr. Nickoboine apparently refused to cooperate.

It appears, however, that Plaintiff was charged with some unidentified infraction and thereafter spent 100 days in Administrative Segregation where he did not have the right to purchase books, where the heat was inadequate, and the amount of food was inadequate, causing him to go to bed hungry. Plaintiff also alleges that when Plaintiff was taken to Administrative Detention, Defendant McMillin falsified the personal property record, discarding unidentified property of Plaintiff.

Plaintiff asserts that Defendants Plata, Domm, Dixon, Symons and Taylor retaliated and conspired with Defendant McMillin to retaliate by affording McMillin access to 100 and 200 level inmates so McMillin could solicit false evidence against Plaintiff and by falsifying

---

[1] K2 is a synthetic cannabinoid drug. K2/Spice: What to Know About These Dangerous Drugs (webmd.com).

information "as a pretext in which to retaliate against petitioner for filing a grievance." Plaintiff requests money damages.

## ANALYSIS

While district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States…[this] jurisdiction does not necessarily create the authority to award damages." *Decker v. Bradley*, No. 19-00616, 2021 WL 1531178, at *1 (S.D. Ind. Apr. 18, 2021), citing *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). *See Decker*, 2021 WL 1531178, at *1, noting that, "[a]lthough Congress has authorized district courts to award damages against state officials who violate the Constitution while acting under color of state law, *see* 42 U.S.C. § 1983, Congress has not provided an analogous authority to award damages against federal officials who violate the Constitution while acting under color of federal law."

In 2017, the United States Supreme Court decided *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) ("*Abbasi*"), where it generally limited expansion of *Bivens* damages awards beyond those Fourth, Fifth and Eighth Amendments actions previously recognized in: *Bivens*, 403 U.S. 388 (Fourth Amendment search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex discrimination; and *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment deliberate indifference to a serious medical need). *See Decker*, 2021 WL 1531178, at *2. "In *Abbasi*, the Supreme Court noted that those "three cases—*Bivens, Davis*, and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself…And in the forty years since *Carlson*, the Court has declined to create any new contexts for *Bivens* claims."

As a consequence, the Seventh Circuit will not automatically allow a *Bivens*-type remedy in First Amendment claims. *See Smadi*, 2021 WL 2853262, at *7 ("[p]rior to *Abbasi*, the Seventh

Circuit assumed the existence of a *Bivens* remedy for some types of First Amendment violations…Since *Abbasi*, however, the Seventh Circuit has recognized that the "*Bivens* framework has narrowed substantially to limit lawsuits against federal agents…" *Id*. at 7, acknowledging that its "past pronouncements [on this subject] are thus not controlling." In the interim since *Abbasi*, the Seventh Circuit has not reconsidered a First Amendment case under *Bivens*, having dismissed such cases on other grounds.

  The *Abbasi* Court did not, however, totally preclude an expansion of *Bivens*. The Court found that a *Bivens* remedy could be considered in a case which presented a *Bivens* claim in a new context, beyond those decided in the three enumerated cases. A new context may be found if "the case is different in a meaningful way from previous *Bivens* cases decided by this Court…" *Abbasi* at 1859. If a new context is presented, then the court is to determine whether "special factors counsel hesitation in granting the extension absent affirmative action by Congress." *Smadi*, 2021 WL 2853262, at *3.

  Thus far, the Supreme Court has not recognized a *Bivens* implied damages claim in the context of the First Amendment. *See Kammeyer v. True*, No. 19-00454, 2019 WL 2616193, at *3 (S.D. Ill. June 26, 2019), citing *Reichle v. Howards*, 566 U.S. 658 (2012) where the Supreme Court specifically stated "[w]e have never held that *Bivens* extends to First Amendment claims." *See also, Decker*, 2021 WL 1531178, at *2 "[t]he Supreme Court has never recognized a *Bivens* remedy for First Amendment claims; *Wood v. Moss*, 572 U.S. 744, 757 (2014) (acknowledging that the Supreme Court has never recognized an implied damages remedy under the First Amendment). As a result, the issue before this Court is one of new context. *See Smadi*, 2021 WL 2853262, *Oden v. True*, No. 18-600, 2020 WL 4049922 (S.D. Ill. July 20, 2020), and *Kammeyer*, 2019 WL 2616193.

4

Accordingly, the next consideration is whether there are factors which counsel hesitation in expanding *Bivens* to provide a damages remedy in this case. While the Supreme Court has not particularly defined the special factors to be weighed when considering an expansion of *Bivens*, the courts are to consider "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Hand v. Young*, No. 2000784, 2021 WL 3206833, at *4 (E.D. Cal. July 29, 2021), *report and recommendation adopted,* 2021 WL 5234429 (E.D. Cal. Nov. 10, 2021). *See also, Johnson v. Burden*, 781 Fed. Appx. 833, 836 (11th Cir. 2019), citing *Abbasi* at 1857. "When a party seeks to assert an implied cause of action under the Constitution itself, just as when a party seeks to assert an implied cause of action under a federal statute, it is usually Congress who should decide whether to provide for a damages remedy, not the courts."

Prior courts considering this issue have declined to expand *Bivens*, finding that opening up prison officials to personal liability for First Amendment violations would inhibit their discretionary decision-making operations. Such decision-making would be understandably influenced where officials would act in fear of "becoming embroiled in extended litigation over claims of retaliation, which can be easily fabricated." *Smadi*, 2021 WL 2853262, at *4. *See also*, *Hand*, 2021 WL 3206833, at *4 (such an expansion would result in substantial defense costs by federal employees named in their personal capacities, as well as the "time and administrative costs attendant upon intrusions resulting from the discovery and trial process.") *See id.*at *5, finding that as a federal prisoner, Plaintiff had numerous alternative remedies including the Federal Tort Claims Act and the Bureau of Prisons administrative grievance process.

As noted, although the Seventh Circuit has not addressed a case on point, other circuit and district courts have, generally finding that, while a First Amendment claim asserted under *Bivens* represents a new context, special factors mitigate against an expansion of the implied damages remedy. *See Sargeant v. Barfield*, No. 19-50187, 2021 WL 2473805, at *2 (N.D. Ill. June 17, 2021) (collecting cases) ("every circuit court to address the issue has found that federal inmates have no First Amendment retaliation claim under *Bivens* after *Abbasi*.") In *Sargeant*, the court considered such special factors as: the alternative administrative remedies available to plaintiff; the separation of powers between the Judiciary and the Executive Branch which operates the Bureau of Prisons; the incongruous effect which would result were federal prisoners allowed to pursue First Amendment retaliation claims while federal employees are not; and Congress's apparent disinclination to expand *Bivens*, finding that these special factors mitigated against providing a *Bivens* remedy. *Id*. at *3. *See also, Hernandez v. Mesa*, 140 S. Ct. 735, 749 (2020) (identifying the respect for the separation of powers as a primary concern in this inquiry).

This Court, following this same line of reasoning finds that while the facts presented in Plaintiff's First Amendment retaliation claim present a new context, there are numerous special factors which counsel against expanding *Bivens* here. Furthermore, the Court is mindful that Congress has conspicuously refrained from extending *Bivens* to First Amendment cases, the Supreme Court has never allowed a *Bivens* damages case under the First Amendment, and post-*Abbasi*, the Seventh Circuit has not allowed such a claim to proceed.

As a final matter, the Court notes that Plaintiff has also asserted claims regarding the conditions in administrative segregation, Defendant Plata's refusal to return his grievance; Defendant Taylor's sanctioning of the investigation; and Defendant McMillin's destruction of Plaintiff's personal property. These, however, are all pled as acts of retaliation and, for the most part would not otherwise state colorable constitutional violations. The only potentially viable

claim concerns the allegedly adverse conditions in administrative segregation. Even if the Court were to construe this as a free-standing conditions of confinement claim, it would still fail. *See Oden*, 2020 WL 4049922 at *6, (finding that, while an Eighth Amendment conditions of confinement claim asserted under *Bivens* represented a new context, expansion would not be allowed due to consideration of "separation-of-powers principles," "alternative remedial structures" and "indications that congressional inaction has not been inadvertent").

The Court hereby dismissed Plaintiff's case in its entirety, with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff may not proceed here in a First Amendment retaliation claim under *Bivens*. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. Plaintiff must still pay the full filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

|  |  |
|---|---|
| 2/9/2022 | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
|  | UNITED STATES DISTRICT JUDGE |